Darren P.B. Rumack
THE KLEIN LAW GROUP
11 Broadway Suite 960
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff and proposed FLSA collective plaintiffs.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

**CATALINO REYES RODRIGUEZ,**
*Individually and on behalf of others similarly situated,*

                              **Plaintiff**

v.

**COMPLAINT**
**Index No.**

**COLLECTIVE ACTION**
**UNDER 29 USC § 216(b)**

**JURY TRIAL**
**DEMANDED**

**LOWER EAST SIDE COFFEE SHOP**

                              **Defendant.**

-----------------------------------------------------------------------x

1. Plaintiff, Catalino Reyes Rodriguez ("Rodriguez" or "Plaintiff"), individually and on behalf of others similarly situated, alleges as follows:

**NATURE OF THE ACTION**

2. This Action on behalf of Plaintiff, individually and on behalf of others similarly situated, seeks the recovery of unpaid wages and related damages for unpaid minimum wage and overtime hours worked, while employed by Lower East Side Coffee Shop ("LES Coffee Shop" or "Defendant"). Plaintiff seeks

these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## PARTIES

3. Plaintiff Rodriguez, a resident of New York State, was employed as a server for Defendant LES Coffee Shop from on or about September 2013, until October 30, 2015.

4. Upon information and belief, Plaintiff was employed by Defendant during the relevant limitations periods.

5. Plaintiff's consent to sue form is attached as Exhibit "A."

6. Defendant LES Coffee Shop is a New York Corporation. Defendant LES Coffee Shop is a restaurant located at 442 East 14th Street, New York, NY 10009.

7. Upon information and belief, LES Coffee Shop has an annual gross volume of sales in excess of $500,000.00.

8. At all relevant times, LES Coffee Shop has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9. Plaintiff brings the First and Third Claims for Relief as a collective action pursuant to FLSA Section 16 (b), 29 USC § 216(b), on behalf of all similarly situated workers employed by Defendant on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

10. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

11. The First and Third Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendant.

**JURISDICTION AND VENUE**

12. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is proper in this District, because Defendant conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## FACTUAL ALLEGATIONS

14. Defendant committed the following alleged acts knowingly, willfully and intentionally.

15. Defendant knew that the nonpayment of minimum wage and overtime pay to Plaintiff and the FLSA Collective Plaintiffs would economically injure Plaintiff and the FLSA Collective Plaintiffs and violated state and federal laws.

16. Throughout the course of his employment with Defendant, Plaintiff regularly worked five (5) days per week at LES Coffee Shop.

17. From October 2013 through October 2014, Plaintiff regularly worked forty-four (44) hours per week at LES Coffee Shop.

18. From October 2014 through April 2015, Plaintiff regularly worked forty-eight (48) hours per week at LES Coffee Shop.

19. From April 2015 through October 2015, Plaintiff regularly worked fifty (50) hours per week at LES Coffee Shop.

20. Throughout the course of his employment at LES Coffee Shop, Plaintiff regularly worked ten (10) hours per day.

21. Plaintiff and the FLSA Collective Plaintiffs often worked in excess of forty (40) hours per workweek.

22. Plaintiff's workdays often lasted ten (10) hours or longer.

23. From September 2013 through September 2014, Plaintiff was paid a base salary of $2.00 per hour (in cash) plus tips, regardless of hours worked.

24. From September 2014 through October 2015, Plaintiff was paid a base salary of $3.00 per hour (in cash) plus tips, regardless of hours worked.

25. Defendant did not provide Plaintiff with any written notice regarding the tipped minimum wage.

26. Defendant unlawfully failed to pay the Plaintiff and the FLSA Collective Plaintiffs the New York State or the federal minimum wage for all hours worked per week.

27. Defendant unlawfully failed to pay the Plaintiff and the FLSA Collective Plaintiffs one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

28. Defendant did not pay Plaintiff a spread of hours premium pursuant to New York state law when his workdays lasted ten (10) or more hours.

29. Defendant did not provide Plaintiff and the FLSA Collective Plaintiffs with any written or oral information regarding the New York state or federal minimum wage.

30. Defendant failed to provide Plaintiff with a written notice of his rate of pay and failed to keep proper payroll records as required under New York law.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act-Minimum Wage Violations Brought By Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**

31. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

32. The minimum wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations applies to Defendant and protects Plaintiff and the FLSA Collective Plaintiffs.

33. Defendant has willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

34. As a result of Defendant's unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law-Minimum Wage Violations

35. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

36. The minimum wage provisions of the New York Labor Law and its supporting regulations apply to Defendant and protect Plaintiff.

37. Defendant has willfully failed to pay Plaintiff the New York State minimum wage for all hours worked.

38. Defendant's knowing or intentional failure to pay Plaintiff minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

39. As a result of Defendant's unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## THIRD CAUSE OF ACTION
**Fair Labor Standards Act-Overtime Wages Brought By Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**

40. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

41. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendant and protects Plaintiff, and the FLSA Collective Plaintiffs.

42. Defendant has willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the overtime wages for hours worked in excess of forty (40) hours in a workweek.

43. As a result of Defendant's unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## FOURTH CAUSE OF ACTION
**New York Labor Law-Unpaid Overtime**

44. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

45. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendant and protect Plaintiff.

46. Defendant has willfully failed to pay Plaintiff the overtime wages for hours he worked in excess of forty (40) hours in a workweek.

47. Defendant's knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

48. As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

**FIFTH CAUSE OF ACTION**
**New York Spread of Hours Provisions-NY Comp. Code R & Regs. Tit. 12 § 146-1.6**

49. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

50. Plaintiff regularly had workdays that lasted more than ten (10) hours.

51. Defendant willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York State minimum hourly wage rate when his workdays exceeded ten (10) hours, as required by New York law.

52. As a result of Defendant's willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

## SIXTH CAUSE OF ACTION
### New York Labor Law-Record Keeping Violations

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendant failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

55. Defendant failed to provide Plaintiff with a written notice of rate of pay as required by NYLL § 195.

56. Defendant's failure to make, keep and preserve accurate records was willful.

57. As a result of Defendant's willful and unlawful conduct, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

## PRAYER FOR RELIEF

58. WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs prays for relief as follows:

    a. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

    b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

c. Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

d. Designation of Plaintiff as a representative plaintiff of the FLSA Collective Plaintiffs;

e. Penalties available under applicable laws;

f. Costs of the action incurred herein, including expert fees;

g. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

h. Pre-judgment and post-judgment interest, as provided by law; and

i. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and the FLSA Collective Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York  
       November 15, 2016

Respectfully submitted,

The Klein Law Group P.C.

By: _____  
Darren P.B. Rumack  
11 Broadway, Suite 960,  
New York, NY 10004  
Phone: 212-344-9022  
Fax: 212-344-0301  
*Attorneys for Plaintiff and proposed FLSA collective plaintiffs.*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of LOWER EAST SIDE COFFEE SHOP and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay minimum wage, overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

| _____ | 11/9/16 | Catalino |
| Signature | Date | Printed Name |